————o————

No· 3983.

(Court of Appeal, Parish of Orleans.)

## MRS. MONICA HIGGINS vs. NEW ORLEANS LIGHTING COMPANY.

In a suit for damages for personal injuries, it is not only required that plaintiff prove the damages claimed with certainty and precision, but the identity of the party charged as liable for such damages must be established with equal certainty and precision.

Appeal from Civil District Court, Division "A."

R. J. Maloney, for Plaintiff and Appellant.

Buck Walshe & Buck, J. Legendre & E. Rightor, for Defendant and Appellee.

ESTOPINAL, J. This suit is for the recovery of one thousand, five hundred dollars ($1,500.00) as damages resulting from the disordered and unsecure condition of a side-

walk on Polymnia street between St. Charles and Carondelet streets·

Plaintiff's petition avers that the defendant company "whilst engaged in the laying of gas mains on Polymnia street, tore up the sidewalk on said street, and instead of replacing the same in a proper and safe condition for the use of pedestrains, negligently and carelessly replaced same in an unsecure and dangerous manner, causing petitioner, who was walking on said sidewalk, to step upon the bricks so replaced by defendant and to cause your petitioner to be thrown to the sidewalk and seriously injured."

Plaintiff alleges that she suffered painful and serious injury to her right knee which incapacitated her from work for several weeks, and that said accident and consequent injury resulted from no negligence or carelessness on her part.

There is a further averment by plaintiff that "she was unable to perceive the said excavation made in said walk by the defendant aforesaid, on account of the bricks used as a pavement thereon being replaced without secure foundation by the employees of the defendant, causing the same to tilt and turn at the moment that the foot of petitioner encountered the same, as she was passing on the sidewalk aforesaid." The answer is a general denial, under which defendant company sets up two defenses, to-wit:

First. That the Gas Company did not tear this banquet and did not replace it, and that while the banquet was open, it did some work in the hole made by other contractors, which work was necessitated by the work of other contractors and was incidental to it."

Second. That the accident happened during the -day when she could plainly see and notice the condition of the side-walk, and that the injuries suffered by her were the result of her own carelessness and negligence. There was judgment below for defendant, dismissing plaintiff's suit, from which judgment she appeals.

We are not favored with the written reasons of the District Judge, and in consequence, we do not know on what grounds

434

his judgment was predicated but from our own appreciation of the testimony, plaintiff has fallen short of producing the proof required under our jurisprudence, the rule being that not only must plaintiff prove damages with certainty and precision, but the identity of the party charged as liable for such damages must be established with equal certainty and precision. .

Of the three witnesses for plaintiff, including the latter, none are positive as to who were the last people who performed excavating work opposite the premises No. 1631 Polymnia street, where the accident occurred. The plaintiff herself does not enlighten the Court at all in that particular, and Cornelius Jones, upon whose testimony the former places great reliance, testifies in a very uncertain manner on material points. The testimony of this witness can have no weight with us in considering this cause. In his endeavor to make out a strong case for plaintiff he has overdone himself. In the course of his testimony Jones says that "it was an open trench." All the other witnesses say that the trench had been closed. Jones at first says that the defendant worked in this trench after the Union Development Company, drainage contractors), and subsequently admits that a number of contractors were at work on this street and neighbor hood at the time that the Gas Company was arranging its pipes.

As we appreciate Jones' testimony, he knows nothing positive in reference to the persons working or the character of work being done.

The third and last witness for plaintiff, McLaughlin, witnessed the accident, but does not know who had disturbed the sidewalk, nor the character of work which had been done across it.

The defendant placed their foreman on the witness stand, and he explained that at some time prior to the accident to plaintiff, the Union Development Company, Contractors, was installing sub-drainage on Polymnia street, and that the drainage pipes were laid at about the same depth as the gas mains, and that it became necessary for the Gas Company to raise their pipes in order to allow the drainage people to lay theirs. This foreman was asked:

435

Q. When did you do your work?

A. At every service they came up to, they generally stopped and notified us so that we could go along and pass with our line."

Q. Did you continue to work there after that?

A. Yes, sir.

Again the witness testifies:

Q. The banquet was closed or open when you got there?"

A. A portion was opened.

Q. Did you work in the open portion?

A. Yes, sir.

Q. Was the banquet closed by the Union Development Company, subsequent to your work?

A. After we got through, yes, sir, it was closed."

Q. *Had they completed their work when you completed yours?*

A. *No, sir; we had to complete our work before they could go ahead with theirs.*

The evidence shows further that the Gas Company would have had no work to do opposite the premises No. 1631 Polymnia street, had it not been called upon by the drainage contractor to raise its gas mains, which occupied the same level intended for the drainage pipes, and since these last pipes could not be placed until the gas pipes had been raised, it is self evident that the drainage pipes were the last laid, and consequently, if any one was liable for the damages suffered by plaintiff, the proper defendant is not before us.

We think the burden was on defendant to show they were not responsible and liable for the condition of the street and the injuries to plaintiff ,and this they have met to our satisfaction.

Counsel for plaintiff in oral argument suggested that there had been two trenches dug across the sidewalk, one by the drainage contractor, and another by defendant company, and that plaintiff was injured in attempting to cross the trench made by defendant.

We have searched the record industriously, but find it barren

436

of any such proof or even of a suggestion of any such condition.

Fnding, as we do, that the first defense set up is good, it is unnecessary for us to pursue the discussion of the other issues involved.

It is therefore ordered, adjudged and decreed, that the judgment is affirmed at appellants costs.

June 8, 1906.

Rehearing refused June 28, 1906.

Writ refused by Supreme Court Aug. 17, 1906.